1 | **DIVERSITY LAW GROUP, P.C.**
Larry W. Lee (State Bar No. 228175)
2 | lwlee@diversitylaw.com
Simon L. Yang (State Bar No. 260286)
3 | sly@diversitylaw.com
515 South Figueroa Street, Suite 1250
4 | Los Angeles, California 90071
Telephone:   (213) 488-6555
5 | Facsimile    (213) 488-6554

6 | Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| KRISTY VESS, as a private attorney general, | Case No. 5:21-cv-01642-VKD |
|---|---|
| Plaintiff, | **FIRST AMENDED REPRESENTATIVE ACTION COMPLAINT** |
| vs. | |
| GO WIRELESS, INC., a Nevada corporation; and DOES 1 through 50, inclusive, | **DEMAND OVER $25,000.00** |
| Defendants. | |

Plaintiff, Kristy Vess, as a proxy for the State of California, submits this First Amended Representative Action Complaint against Defendant, Go Wireless, Inc., and Does 1 through 50 (collectively, "Defendants").

## INTRODUCTION

1. Pursuant to the Labor Code Private Attorneys General Act of 2004, Labor Code §§ 2698 *et seq.* ("PAGA"), this representative action challenges systemic employment practices resulting in violations of the California Labor Code against individuals who worked for Defendants. The Complaint seeks penalties and other relief pursuant to, among other provisions, Labor Code sections 201-204, 210, 226, 226.3, 233, 246, 248.5, 510, 558, 1198, and 2698 et seq.[1]

2. Plaintiff is informed and believes that Defendants have jointly and severally acted intentionally and with deliberate indifference and conscious disregard to the rights of employees by failing to pay or timely pay all sick pay wages, failing to pay or timely pay all overtime wages, and failing to provide accurate itemized wage statements.

3. Defendants routinely fail to pay sick pay wages at the regular rate of pay. Specifically, Plaintiff and other non-exempt employees regularly earn non-discretionary remuneration, including for example commissions, that Defendants fail to consider when paying sick pay wages. Rather than pay sick pay wages at the regular rate of pay, Defendants underpay sick pay wages to Plaintiff and other non-exempt employees at their base rates of pay.

4. Defendants also routinely fail to pay all overtime wages at 1.5 times or 2.0 times the regular rate of pay. Again, Plaintiff and other non-exempt employees regularly earn non-discretionary remuneration, including for example commissions, that Defendants fail to consider when paying overtime wages. By miscalculating the regular rate of pay, Defendants underpay overtime wages to Plaintiff and other non-exempt employees.

5. Defendants also routinely fail to provide accurate itemized wage statements to Plaintiff and other employees. First, as a result of the above practices, Defendants fail to furnish Plaintiff and other non-exempt employees with wage statements that accurately show and itemize sick pay wage rates, overtime wage rates, gross wages earned, and net wages earned. Second, for certain non-

---

[1] Except as otherwise noted, all "Section" references are to the Labor Code.

discretionary remuneration, including for example "Commissions" or "CoEff Look Back," Defendants fail to furnish Plaintiff and other non-exempt employees with wage statements that show and itemize all applicable hourly rates and the corresponding number of hours worked at each hourly rate, the number of non-hourly units earned and any applicable non-hourly rates, or the dates of the period for which the employee is paid the wages. Instead, Defendants furnish Plaintiff and other non-exempt employees with wage statements that state a total amount of the non-discretionary remuneration, without providing any hourly or non-hourly rates of pay, hours or units paid, or the period the non-discretionary remuneration is being paid.

6. The Labor Code is broadly remedial in nature. Its laws serve an important public interest in establishing minimum working conditions and requirements in California. These labor standards protect employees from onerous terms and conditions of employment or exploitation by employers who have superior economic and bargaining power. Plaintiff is informed and believes that Defendants have engaged in, among other things, a system of willful violations of the Labor Code by creating and maintaining policies, practices, and customs that knowingly deny its employees the above stated rights and benefits.

7. Defendants' pattern, practice, and uniform administration of corporate policy in violation of the Labor Code is unlawful. Proof of a common business practice or factual pattern will establish the rights of Plaintiff and aggrieved employees under Sections 201-204, 210, 226, 226.3, 233, 246, 248.5, 510, 558, 1198, and 2698 et seq., applicable IWC Wage Orders, and Code of Civil Procedure section 1021.5 to recover applicable penalties, reasonable attorneys' fees, and costs of suit.

## JURISDICTION AND VENUE

8. Pursuant to the notice of removal filed by Defendant, this Court has jurisdiction under 28 U.S.C. §§ 1332. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, and pursuant to 28 U.S.C. § 84(a) as Plaintiff worked for Defendants in Capitola, California, in the County of Santa Cruz.

## PARTIES

9. In 2018 Plaintiff began working for Defendants and worked in California for Defendants for 30 or more days within a year. Until her employment as an assistant store manager ended in or about

September of 2020, Plaintiff was paid on an hourly basis as a non-exempt employee and additionally earned non-discretionary remuneration, including for example commissions. Plaintiff worked in excess of eight hours in a day or 40 hours in a week, worked in excess of 12 hours in a day, and also accrued and used paid sick leave. Because all non-hourly remuneration was not considered when calculating Plaintiff's regular rate of pay, Plaintiff was underpaid sick pay wages and overtime wages. Plaintiff also was not provided with accurate itemized wage statements. Plaintiff thus is a victim of the policies, practices, and customs of Defendants complained of in this action in ways that have deprived her of the rights guaranteed by the Labor Code.

10. Plaintiff is informed and believes that Defendant, Go Wireless, Inc., was and is a Nevada corporation. Plaintiff is informed and believes that at all times herein mentioned named defendants and Does 1 through 50, were and are corporations, business entities, individuals, or partnerships that were and are licensed to do business or actually doing business in the State of California. Based upon all the facts and circumstances incident to Defendants' business, Defendants are subject to Sections 201-204, 210, 226, 226.3, 233, 246, 248.5, 510, 558, and 1198.

11. Plaintiff does not know the true names or capacities of the defendants sued herein as Does 1 through 50, whether individual, partner, or corporate, and for that reason, said defendants are sued under such fictitious names. Plaintiff prays for leave to amend this Complaint when the true names and capacities are known. Plaintiff is informed and believes that each of said fictitious defendants was responsible in some way for the matters alleged herein and proximately caused the illegal employment practices, wrongs, and injuries complained of herein.

12. At all times herein mentioned, each of said Defendants participated in the doing of the acts alleged herein. Defendants, and each of them, were the agents, servants, or employees of each of the other Defendants, as well as the agents of all Defendants, and were acting within the course and scope of said agency and employment.

13. Plaintiff is informed and believes that at all times material hereto, each of said Defendants was the agent, employee, alter ego, or joint venturer of, or was working in concert with, each of the other Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, or omissions were perpetrated by

3
FIRST AMENDED REPRESENTATIVE ACTION COMPLAINT

certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, or omissions of the acting Defendants.

14. Plaintiff is informed and believes that at all times material hereto each of the Defendants (i) aided and abetted the acts and omissions of each of the other Defendants in proximately causing the alleged harms, or (ii) were members of, engaged in, and acting within the course and scope of, and in pursuance of, a joint venture, partnership, or common enterprise.

## PAGA ALLEGATIONS

15. Pursuant to PAGA, Plaintiff sues as a proxy for the State of California. Plaintiff seeks penalties for Defendants' Labor Code violations committed against all aggrieved employees since July 29, 2019, pursuant to Sections 201-204, 210, 226, 226.3, 233, 246, 248.5, 510, 558, 1198, and 2698 et seq. As stated herein, Defendants fail to pay or timely pay all sick pay wages, fail to pay or timely pay all overtime wages, and fail to provide accurate itemized wage statements. Under Section 2699(c), Plaintiff is an "aggrieved employee," as one or more of the alleged violations was committed against Plaintiff as an employee of Defendants.

16. On or about January 19, 2021, Plaintiff sent written notice to the Labor & Workforce Development Agency ("LWDA") of specific facts and theories for Defendants' violations of Sections 201-204, 210, 226, 226.3, 233, 246, 248.5, 510, 558, and 1198. Plaintiff simultaneously sent written notice to Defendants via certified mail. As of the date of the filing of this Complaint, the LWDA has neither responded nor indicated that it intends to investigate the allegations in the written notice.

17. As such, pursuant to Section 2699(a), (f), and (g), Plaintiff seeks recovery of all applicable penalties for Defendants' violations against all aggrieved employees for the period described above.

## FIRST CAUSE OF ACTION

## Violation of Labor Code §§ 2698 Et Seq.

**(By Plaintiff and Aggrieved Employees Against All Defendants)**

18. The preceding paragraphs are re-alleged and incorporated by this reference.

19. Section 233 provides that an employer must permit an employee to use accrued sick leave in accordance with Section 246.5 at the employee's then current rate of entitlement. Section 246

provides that an employee is entitled to sick pay wages for use of accrued sick leave. Once accrued sick leave is used as paid sick time, an employee has a vested right to sick pay wages, which an employer must calculate and compensate based on one of two calculations: (i) "Paid sick time for nonexempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in that workweek," or (ii) "Paid sick time for nonexempt employees shall be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment."

20. As a matter of policy and practice, Defendants pay sick pay wages to Plaintiff and aggrieved employees at the incorrect rate of pay. Plaintiff and aggrieved employees regularly use accrued sick leave in workweeks in which they also earn non-discretionary remuneration, including for example commissions. As a matter of policy and practice, Defendants pay Plaintiff and aggrieved employees at the base hourly rate of pay, as opposed to the regular rate of pay, which would consider all non-discretionary remuneration in addition to their base hourly wages, including for example commissions, or the rate resulting from dividing the employees' total wages, not including overtime premium pay, by the employees' total hours worked in the full pay periods of the prior 90 days of employment, as required by Section 246. This results in underpayments of sick pay wages to Plaintiff and aggrieved employees.

21. Section 204 provides that wages generally are due and payable twice during each calendar month and to be paid no later than the payday for the next regular payroll period. Consistent with Section 204, Section 246 specifically requires that vested sick pay wages are due and to be paid no later than the payday for the next regular payroll period after accrued sick leave is used as paid sick time. Similarly, Section 201 provides that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately. Section 202 provides that an employee is entitled to receive all unpaid wages no later than 72 hours after an employee quits his or her employment, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. The

Labor Code penalizes untimely payments. For example, Section 210 provides penalties for violations of Section 204.

22. As alleged herein and as a matter of policy and practice, Defendants routinely underpay sick pay wages and thus do not timely pay Plaintiff and aggrieved employees all owing and underpaid sick pay wages. As a result, Defendants violate Sections 201-204, 233, and 246, among other Labor Code provisions. On information and belief, Defendants were advised by skilled lawyers and knew, or should have known, of the mandates of the Labor Code as it relates to Plaintiff's allegations, especially since the California Supreme Court has explained that "[c]ourts have recognized that 'wages' also include those benefits to which an employee is entitled as a part of his or her compensation, including money, room, board, clothing, vacation pay, *and sick pay*." *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1103 (2007) (emphasis added). Because Defendants willfully fail to timely pay Plaintiff and aggrieved employees all sick pay wages due, Defendants are subject to applicable penalties.

23. Section 510 and the applicable IWC Wage Order provide that "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee" and that "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee." Section 1198 makes unlawful conditions of labor that are prohibited by the applicable IWC Wage Order.

24. As a matter of policy and practice, Defendants fail to pay all overtime wages due to Plaintiff and aggrieved employees. Plaintiff and aggrieved employees regularly work hours entitled to overtime wages in workweeks in which they also earn non-discretionary remuneration, including for example commissions. Defendants fail to consider such remuneration when paying overtime wages. By miscalculating the regular rate of pay, Defendants underpay overtime wages to Plaintiff and aggrieved employees.

25. As alleged herein and as a matter of policy and practice, Defendants routinely underpay overtime wages and thus do not timely pay Plaintiff and aggrieved employees all owing and underpaid overtime wages. On information and belief, Defendants were advised by skilled lawyers and knew, or

should have known, of the mandates of the Labor Code as it relates to Plaintiff's allegations. Because Defendants willfully fail to timely pay Plaintiff and aggrieved employees all overtime wages due, Defendants are subject to applicable penalties.

26. Section 226(a) requires an employer to furnish to its employees itemized wage statements that show accurate information, including without limitation, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate, the number of non-hourly units earned and any applicable non-hourly rate, the inclusive dates of the period for which the employee is paid, the gross wages earned, and the net wages earned.

27. As a matter of policy and practice, Defendants fail to provide accurate itemized wage statements to Plaintiff and aggrieved employees. First, because of Defendants' sick pay and overtime violations, Defendants fail to furnish Plaintiff and aggrieved employees with wage statements that accurately itemize and show sick pay wage rates, overtime wage rates, gross wages earned, and net wages earned. Second, for certain non-discretionary remuneration, including for example "Commissions" or "CoEff Look Back," Defendants furnish Plaintiff and aggrieved employees with wage statements that state a total amount of non-discretionary remuneration, without providing any hourly or non-hourly rates of pay, hours or units paid, or the period the non-discretionary remuneration is being paid. Defendants thus fail to furnish Plaintiff and aggrieved employees with wage statements that itemize and show all applicable hourly rates and the corresponding number of hours worked at each hourly rate, the number of non-hourly units earned and any applicable non-hourly rates, or the dates of the period for which the employee is paid the wages.

28. Such a pattern, practice, and uniform administration of corporate policy is unlawful and entitles Plaintiff and aggrieved employees to applicable penalties, attorneys' fees, and costs of suit.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment for herself and all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1. Upon the First Cause of Action for penalties according to proof pursuant to Sections 2699(a), (f), and (g), and for costs and attorneys' fees;

  2. Upon each cause of action for attorneys' fees and costs as provided by Section 2699, Code of Civil Procedure section 1021.5, and any other applicable laws; and

  3. For such other and further relief that the Court may deem just and proper.

DATED: March 29, 2021        DIVERSITY LAW GROUP, P.C.

                    By: _____
                      Larry W. Lee
                      Simon L. Yang
                     Attorneys for Plaintiff